IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN F. WINKELMAN, JR.,  :  CIVIL ACTION NO. **4:CV-09-0300**
          :
  Petitioner     :  (Judge McClure)
          :
    v.      :  (Magistrate Judge Blewitt)
          :
RONNIE R. HOLT, WARDEN,  :
          :
  Respondent    :

### REPORT AND RECOMMENDATION

## I. Procedural Background.

On February 17, 2009, Petitioner, John F. Winkelman, Jr., an inmate at the United States

Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania, filed the instant Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In addition to the Habeas Petition is

Petitioner's 14-page typed Memorandum with attached exhibits, Exs. A-H. (Doc. 2). A copy of

Petitioner's criminal case docket sheet indicates that on December 12, 2003, a Judgment and

Commitment Order ("J&C") from the United States District Court for the Middle District of

Pennsylvania was entered and Petitioner was imprisoned for the remainder of his life. (Doc. 2, Ex.

A).[1] Petitioner paid the filing fee. Named as Respondent is Ronnie R. Holt, the Warden at USP-

Canaan.[2] The Habeas Petition has not yet been served on Respondent for a response.

---

[1]The District Court Judge who sentenced Petitioner is the District Court Judge who has been assigned the present habeas case. The undersigned is assigned this case for pre-trial matters.

[2]Petitioner named the correct Respondent since he is presently confined at USP-Canaan and Holt is the Warden at this prison. See 28 U.S.C. § 2242 and § 2243. Petitioner also correctly states that his Habeas Petition was properly filed with this Court since he is incarcerated in the Middle District of Pennsylvania. (Doc. 2, p. 1). *See Rumsfeld v. Padilla*, 542

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.).[3]

## II.  Factual Background.

The Petitioner was convicted on June 18, 2003, following a jury trial, in the United States District Court for the Middle District of Pennsylvania, Crim. No.  01-304, of seven counts in a Third Superseding Indictment related to narcotics trafficking, namely Counts 1, 2, 3, 4, 8, 9, and 13.  The relevant count herein is Count 13, which charged Petitioner with knowingly using, carrying and possessing firearms during and in relation to and in furtherance of a drug trafficking crime, *i.e.* conspiracy to possess with intent to distribute and distribution of cocaine and marijuana, in violation of 18 U.S.C. § 924(c)(1)(A).  (Doc. 2, Exs. A and B).[4]

On December 12, 2003, Petitioner was sentenced on the stated offenses to imprisonment

---

U.S. 426 (2004).

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4]Petitioner's factual background is also stated in the District Court's March 10, 2008 Memorandum entered in Petitioner's criminal case, Crim. No. 01-304, M.D. Pa., Doc. 1076, denying Petitioner's § 2255 Motion to Vacate his Sentence.  548 F.Supp.2d 142 (M.D. Pa. 2008).

for the remainder of his natural life. (*Id*. and Doc. 2, p. 4).[5]  Petitioner is presently serving his federal life sentence at USP-Canaan.  Petitioner appealed his conviction, and on May 18, 2006, the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence.  (Doc. 2, pp. 4-5).

Petitioner filed a Motion to Vacate his Sentence on February 23, 2007, pursuant to 28 U.S.C. § 2255.  Petitioner states that he raised about 27 claims, including a challenge to his conviction.  On March 1, 2007, the Court ordered Petitioner to file a notice of election, and March 19, 2007, Petitioner filed his election to have the Court rule on his § 2255 motion as filed.   (Crim. No. 01-304, M.D. Pa., Docs. 1024-1030).[6]  On May 4, 2007, Petitioner filed a Motion to Amend his § 2255 Motion with no support brief.  On May 24, 2007, without the Court's permission, Petitioner filed an amended § 2255 Motion and supporting Brief.   (Crim. No. 01-304, M.D. Pa., Docs. 1040-1042).

 Petitioner's § 2255 Motion was denied  by the District Court on March 10, 2008.  (Doc. 1, p. 4 and Crim. No. 01-304, M.D. Pa., Doc. 1076).   *See U.S. v. Winkelman*, 548 F. Supp. 2d 142 (M.D.Pa. 2008).   This Court stated in its March 10, 2008 Memorandum:

---

[5]Specifically, with respect to Count 13, Petitioner was sentenced to a term of 60 months imprisonment to run consecutive to his term of life imprisonment. (Doc. 2, Ex. A).

[6]On April 6, 2007, Petitioner and a co-Defendant in his criminal case, George Winkelman, filed a motion to join their § 2255 motions and all future motions.  The Court granted this motion on April 9, 2007.  However, in the present habeas case, we refer only to Petitioner.

<u>G.  Sufficiency of Count Thirteen of the Third Superceding Indictment</u>

His [Petitioner's] twenty-second claim is that the thirteenth count of the third superceding indictment was insufficient in failing to charge the defendant with a criminal offense. (*Id.* at 40-41.)  This claim obviously should have been presented at trial and on direct appeal and the failure to do so constitutes a procedural default.  Furthermore, even if we consider the merits of this argument, it is easily rejected.  Count Thirteen of the third superceding indictment charged defendant [Petitioner] with 18 U.S.C. § 924(c)(1)(A), which states that:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime  --

> (i)    be sentenced to a term of imprisonment of not less than 5 years;

> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii)  if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Defendant [Petitioner] argues that the indictment charged him with using, carrying, and possessing a firearm in relation to and in furtherance of a drug trafficking crime, which is not sufficient under the statute. (Rec. Doc. No. 1023, at 41.)  Specifically, defendant's confusing and nonsensical argument is that § 924(c)(1)(A) is only to be applied when a defendant used and carried a firearm during and in relation to a crime of violence or a drug trafficking offense OR when a defendant possessed a firearm in relation to a crime of violence or a drug trafficking crime.  (*Id.* at 40.)  We will reject defendant's claim.  Count Thirteen of

the third superceding indictment charges defendant with more than is
required to state a crime under § 924(c)(1)(A).

(*See* March 10, 2008 Memorandum, ¶G. pp. 30-31 from Crim. No. 01-304, M.D. Pa., Doc. 1076).

With respect to Petitioner's Motion to Amend his §2255 Motion, the Court stated:

On May 4, 2007, defendants [Petitioner and George Winkelman]
jointly filed a motion to amend their § 2255 motion. (Rec. Doc. No. 1040.)  Although
we did not rule on this motion, defendants nevertheless went ahead and jointly filed
an amended § 2255 motion and a supporting brief.  (Rec. Doc. Nos. 1041-42.)
We have briefly reviewed the motion and supporting brief and found that it
is nearly identical to defendant's individual § 2255 motions, which as we have
mentioned are nearly identical themselves.

Defendants did not obtain our permission to file this amended motion.
In fact, although they filed a motion to amend, they did not file a brief in
support of that motion as required by Local Rule 7.5 of the Middle District
of Pennsylvania.  This rule requires a supporting brief to be filed within ten
days of the filing of any pretrial motion.  *Id.*  The rule further states that if a
supporting brief is not filed within ten days, the motion shall be deemed to be
withdrawn, unless the motion is for an enlargement of time, appointment of
counsel, or the motion has concurrence of all counsel.  *Id.*  Thus, because this
motion did not contain a supporting brief, it shall be deemed withdrawn.

Even if we were to consider the merits of defendants' motion to amend,
we conclude that it should be denied.  As a preliminary matter, we note that
after both defendants filed their original § 2255 [motions], we issued a notice of
election which informed defendants that they could elect to have the court
rule on their motions <u>as filed</u> or withdraw the motions to file an <u>all-inclusive</u>
motion.  Defendants evidently desired to do both, not one or the other.  They
have attempted to have us both rule on their motions as filed and to file an
additional motion and have us rule on that as well.  If defendants did not
believe their original motions included all of their grounds they wished to raise,
they simply should have elected to withdraw their motion and file their
all-inclusive motion.  Furthermore, we note that our notice of election specifically
indicated to both defendants that if they elect to have their motion ruled on
as filed, they may be forever barred from filing a second or successive motion.
(Rec. Doc. Nos. 1024-25.)  Both defendants indicated in their election that
they understood that they "may be forever barred from presenting in federal
court any claim not presented in this motion." (Rec. Doc. Nos. 1027, 1029.)

Furthermore, we note that this motion of amended grounds does not stand alone. Rather, it appears to amend some of the claims from each defendant's original motion while leaving some of the claims from each original motion intact. In other words, it is nearly impossible to read because it requires that the court review three lengthy documents to determine which claims from the original motions have survived the motion of amended grounds. Finally, we reiterate that we have thoroughly analyzed each of the claims presented by each defendant in their original motions and concluded that every claim is entirely lacking in merit. We see nothing that would indicate that the motion of amended grounds would be any different. Therefore, for all of these reasons we have just mentioned, we believe that it would be a waste of judicial resources to attempt to review the motion fo amended grounds.

(Crim. No. 01-304, M.D. Pa., Doc. 1076, pp. 36-39).

The Court also denied Petitioner's Motion to Supplement his § 2255 Motion and raise new claims for the same reason it declined to permit him to amend his Motion. (*Id.*, pp. 42-43).

On July 10, 2008, the Third Circuit Court of Appeals denied Petitioner's Application for Certificate of appealability with respect to an appeal of the District Court's March 10, 2008 Order denying his § 2255 Motion. (Doc. 1, p. 4). Petitioner does not indicate that he filed any other appeals regarding his 2003 J&C.

## III.  Claims of Habeas Petition.

As noted, in 2007, Petitioner filed a § 2255 motion with the sentencing District Court in the Middle District of Pennsylvania with respect to his 2003 conviction and life sentence, and it was denied. *(Id.).*  Petitioner elected to have his § 2255 motion ruled on by the Court as filed. At this time, Petitioner had ample opportunity to raise one of his present claims that he did not "use" a firearm within the meaning of § 924 (c) as found by the Court in *Bailey v. U.S.*, 516 U.S. 137

6

(1995).[7]   Petitioner concedes that at his criminal trial, after the jury asked questions during their deliberation about the § 924(c) offense the Court gave the jury an instruction on the *Bailey* case. (Doc. 2, p. 7 and Exs. D and E).

Petitioner also now claims that under *Watson v. United States*, –U.S.–, 128 S. Ct. 579 (December 10, 2007), the Supreme Court "determined that trading drugs for a firearm does not violate the use section of 18 U.S.C. § 924(c)." (Doc. 2, p. 6).  *Watson* was decided **before** the Court's March 10, 2008 Memorandum denying Petitioner's §2255 Motion and his Motion to Amend and Supplement his § 2255 Motion.

In *U.S. v. Northcutt*, 266 Fed. Appx. 129, 133, n. 4 (3d Cir. 2008), the Court noted, "[t]he Supreme Court recently held that when a person trades his drugs for a gun, that person does not 'use' a firearm 'during in (sic)  and in relation to' a drug trafficking crime within the meaning of 18 U.S.C. § 924(c)(1)(A)."(citation omitted).  In the present case, Petitioner claims that he traded his drugs for guns and that his conviction on Count 13 should be vacated based on *Watson* since this was found not to constitute "use" of a firearm for purposes of § 924(c)(1)(A).

In his Habeas Petition, Petitioner states as Claim One that his December 2003 sentence with respect to his conviction on Count 13 of the Third Superseding Indictment imposed over 5 years ago, was unlawfully pursuant to 18 U.S.C. § 924(c)(1), since he only received firearms in trade for

---

[7]*Bailey* was decided over ten years before Petitioner's § 2255 Motion was decided by the District Court.  Petitioner also states that prior to his sentencing, he argued to the Court that his conduct did not "reach the standard that was set forth in *Bailey*" with respect to a conviction under § 924(c)(1) since he did not actively employ a firearm, and that "the Court nonetheless, sentenced the Petitioner to the consecutive sentence of 60 months of imprisonment [on Count 13]." (Doc. 2, p. 4).

drugs and he did not use a firearm during and in relation to a drug trafficking crime. Petitioner states that the term "use" in § 924(c) was found in *Watson* not to include the mere receipt of a firearm in trade for drugs. (Doc. 2, p. 6). The interpretation of § 924(c) and the term "use" changed by the *Bailey* case came well before Petitioner was convicted of this offense in 2003. Petitioner states that he was convicted of the § 924(c) offense contained in Count 13 after *Watson*, and that the evidence at his trial only showed that he traded drugs for firearms and did not carry and possess firearms.

As Claim Two, Petitioner states that since he received a five year minimum consecutive sentence under § 924(c) and also received a greater minimum sentence than provided by § 924(c) or by any other provision of law, he received an unauthorized sentence and he should be re-sentenced. (Doc. 2, p. 10).

## IV. Discussion.

### 1. *Claim One*

After his § 2255 motion was denied by this Court, Petitioner filed a § 2241 habeas petition with this Court and claims that his 2003 sentence for his Count 13 conviction, § 924(c)(1) offense, was unlawful since the Supreme Court found that mere trading of drugs for firearms did not constitute the "use" of a firearm in violation of § 924(c); rather, only the active employment of a firearm during and in relation to a drug trafficking crime constituted a § 924(c) violation under the "use" prong of the statute. Petitioner cites to the cases of *Bailey v. U.S.* 576 U.S. 137 (1995) and *U.S. v. Watson*, *supra*. (Doc. 2).

In *Bailey*, "the Supreme Court held that the term 'use' of a firearm under 18 U.S.C. §924(c)

connotes an active employment of the firearm, so that an inmate convicted of a §924(c) violation based on possession of a firearm may be able to successfully challenge his conviction." *Parker v. Sherman*, 2006 WL 2405734, *2, n. 2. (W. D. Pa.); *Moore v. Dodrill*, 185 Fed. Appx. 171, 172(3rd Cir. 2006). "In *Bousley*, the Court determined that the *Bailey* decision applied retroactively. *Bousley* did not address whether a *Bailey* claim could be brought in a § 2241 [habeas] petition." *Black v. Warden, USP Lewisburg*, 253 Fed. Appx. 209, 211, n. 1 (3d Cir. 2007); *Moore, supra*.

Petitioner essentially claims that his sentence on Count 13  under § 924(c) was improper since after his 2003 conviction, the Supreme Court in *Watson* found that the word "use" in § 924(c)(1)(A) did not include mere trading of drugs for  a firearm.  Petitioner states that he is able to file a § 2241 habeas petition since his § 2255 motion was denied, and since his motion to amend and supplement his claims in his § 2255 motion were denied. Also, Petitioner claims that a § 2255 motion is his remedy since his Certificate of Appealability was denied by the Third Circuit. Petitioner contends that the evidence at trial only showed that he traded drugs to Dean Daubert for a 12 gauge Mossberg shotgun and that his sentence under 924(c) was unlawful since the *Watson* Court found that mere trading of drugs for a firearm did not constitute the "use" of a firearm during and in relation to a drug trafficking crime in  violation of § 924(c).

The Court in *Moore v. Dodrill*, 185 Fed. Appx. 171, 172 (3rd Cir. 2006), stated that "[i]n *Bailey*, the Supreme Court states that a defendant could not be convicted of 'using' a firearm under §924(c) unless he actively employs the firearm."  (Citation omitted).  The Third Circuit Court in *Moore* found that the District Court lacked jurisdiction to consider the inmate's § 2241 habeas petition since the inmate was convicted of both "using" and "carrying" a firearm in violation of

§924(c) and *Bailey* only dealt with "using" a firearm.  Our Petitioner's Count 13 also charged

Petitioner with using, carrying and possessing firearms in relation to drug trafficking and did not only

charge him with "use" of a firearm in violation of §924 (c)(1).  (Doc. 2, Ex. B).  Also, our Petitioner

was  convicted of using, carrying and possessing several firearms during and in relation to and in

furtherance of a drug trafficking crime, not just a Mossberg shotgun, and *Watson* only dealt with the

"use" prong of § 924(c)(1)(A).

Specifically, Count 13 of the Third Superseding Indictment filed against Petitioner charged

him as follows:

<u>COUNT THIRTEEN</u>

THE GRAND JURY FURTHER CHARGES:

On or about the 1st day of January 1986, up to and including the 1st day
of October 2001, in the Middle District of Pennsylvania, the defendant,

JOHN F. WINKELMAN, JR.,

**knowingly used, carried and possessed firearms**, including but not limited
to, the following firearms, to wit:

    J.C. Higgins .22 caliber rifle, no serial number
    Stevens, Model 39A, .410 caliber shotgun, no serial number
    Savage Anschutz, Model 164 Sporier, .22 caliber rifle, Serial #804422A
    12 gauge shotgun, Serial #P065900
    Snunga Model I 340, 30-30 caliber rifle, no serial number
    Mossburg, Model 1556, 30.06 caliber rifle, Serial #M007707
    Rifle, Serial # 42001
    Maxurn Firearms, Model 36A, 30-30 caliber rifle, Serial #15241
    Winchester Model 64, 30-30 caliber rifle, Serial #1886596
    Midland Gun Co., Model 1125, 12 gauge shotgun, no serial number

during and in relation to and in furtherance of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and distribution of cocaine, and marijuana, in violation of 21 U.S.C. § 846 for which he may be prosecuted in a court of the United States.

**In violation of Title 18, United States Code, Section 924(c)(1).**

(Doc. 2, Ex. B)(emphasis added). Petitioner was not simply charged with using a 12 gauge shotgun, even if there was testimony from Daubert that he traded such a gun for drugs to Petitioner and George Winkelman. Petitioner was charged with using, carrying and possessing several firearms during and in relation to a drug trafficking crime.

In fact, as discussed above, in its March 10, 2008 Memorandum denying Petitioner's § 2255 Motion (issued after *Watson*), the District Court quoted § 924(c)(1)(A) and rejected Petitioner's claim challenging his Count 13 conviction. The Court stated that "Count Thirteen of the Third superceding indictment charges [Petitioner] with more than is required to state a crime under § 924(c)(1)(A)." (Crim. No. 01-304, M.D. Pa., Doc. 1076, p. 31). *See also U.S. v. Manuel*, 2008 WL 64532, *1 (E.D. Pa.).

While the *Watson* case held that a person trading his drugs for firearms did not "use" a firearm during and in relation to a drug trafficking crime under § 924(c)(1)(A), our Petitioner, as he recognizes (Doc. 2, p. 6), was charged and convicted of not only using a firearm but with carrying and possessing firearms. Since our Petitioner was convicted of using, carrying and possessing firearms in violation of § 924(c)(1), and not simply using a firearm, he cannot now utilize a § 2241 habeas petition. Thus, even if Petitioner was allowed to amend his § 2255 motion to raise a claim under *Watson*, it would not have affected his motion since *Watson* dealt with the "use" prong of § 924(c)(1)(A), and Petitioner was charged and convicted of the carrying and possessing prongs of

11

the statute in addition to the "use" prong.

The *Moore* Court stated that "[i]n *Dorsainvil,* this court stated that the petitioner could bring a *Bailey* claim under §2241 because he did not have the opportunity to challenge his conviction under §2255 for a crime that *Bailey* subsequently negated." 185 Fed. Appx. at 172 (citation omitted). However, we find that our Petitioner cannot now bring his stated claim under § 2241 because he had an opportunity to challenge his § 924 (c)(1)(A) conviction when he filed his § 2255 Motion and the sentencing court rejected his challenge to the sufficiency of Count 13. Petitioner argues that his conduct did not satisfy the "use" prong of §924(c)(1)(A) as construed by *Watson*, but, as discussed, he was also charged in Count 13 and convicted of using, carrying and possessing several firearms during and in relation to and in furtherance of a drug trafficking crime. (Doc. 2, Ex. B). It is of no moment that Petitioner (Doc. 2, p. 8) avers that he did not plead guilty to the use and the possession prong of § 924(c)(1) and that the evidence at trial only showed he traded drugs for a 12 gauge shot gun, because he was charged in Count 13 and convicted of using, carrying and possessing several firearms during and in relation to and in furtherance of a drug trafficking crime. Thus, *Watson* did not render the conduct of which Petitioner was convicted in Count 13 non-criminal.

In the case of *Board v. Williamson*, 2007 WL 775591 (M.D. Pa.), Petitioner Board claimed that based on two Supreme Court cases, *Castillo v. U.S.*, 530 U.S. 120 (2000) and *Harris v. U.S.*, 536 U.S. 545 (2002), and the Supreme Court's new statutory interpretation of § 924(c)(1), the Supreme Court "render[ed] the conduct of which he was convicted non-criminal." This Court found that Petitioner Board's "exclusive avenue for relief was §2255," and dismissed his first Habeas

12

Petition. 2007 WL 775591, * 2. Board appealed this Court's dismissal of his first Habeas Petition,

but he then withdrew his appeal and the Third Circuit dismissed it for failure to prosecute. *Id*.

Petitioner Board then filed another Habeas Petition with this Court, again challenging the same

conviction and sentence that he challenged in his first Habeas Petition. This Court in *Board* stated:

> The Third Circuit has recognized the inadequacy of § 2255
> when, following the denial of an initial petition in the sentencing
> court, the Supreme Court announces a new statutory interpretation
> that renders the conduct of which the petitioner was convicted
> non-criminal. *Id.* This exception is necessary to avoid the "complete
> miscarriage of justice" that might otherwise result. *Id.* at 250-51
> (quoting *Davis v. United States*, 417 U.S. 333, 346-47 (1974).
> Section 2255 prohibits an individual from filing a second or subsequent
> petition unless based on "newly discovered evidence" or a "new rule
> of constitutional law." 28 U.S.C. § 2255. A new rule of *statutory*
> interpretation falls within neither of these exceptions, and a
> petitioner is barred from seeking relief under § 2255 even though
> he or she is now imprisoned for conduct that is **not** criminal.
> *Dorsainvil*, 119 F.3d at 249-52. In this limited case, § 2241 serves
> as an avenue for relief. *Id.*

2007 WL 775591, * 3. *See also Moore, supra*.

Petitioner Board, in part, argued that statutory amendments to § 924(c)(1) enacted in 1998

negated the criminality of his conduct. This Court in *Board* found, in part, that the subsequent

statutory amendments to § 924(c)(1), even if they altered the meaning of the provisions of

§924(c)(1), "they did not impact the interpretation of the prior version of the statute or the

criminality of conduct prosecuted prior to the date of the amendment." *Id.* (Citations omitted). [8]

---

[8]Petitioner Board did not challenge the sentencing court's findings that he used a
firearm. Rather, Petitioner Board challenged the finding that he was a recidivist offender, and
he claimed that he should not have received a sentence enhancement based on his conviction
as a habitual criminal due to a second §924(c)(1) offense.

We find that § 2255 was adequate for our Petitioner.  While the Supreme Court in *Bailey* and *Watson* announced a new rule of statutory interpretation of the term "use" in §924 (c)(1), Petitioner was also charged in Count 13 and convicted of carrying and possessing several firearms during, in relation to and in furtherance of a drug trafficking crime.  Also, *Watson* was decided three months before the sentencing court denied Petitioner's § 2255 Motion (December 10, 2007 to March 10, 2008).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy."  *Strollo v. Alldredge*, 409 U.S. 1046 (1972).  As noted the lack of success on a § 2255 Motion does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied*, 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).

This Court in *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.), considered an inmate's § 2241 habeas petition which challenged, in part, his 1990 § 924(c)(1) conviction based on the *Bailey* decision and claim that he was actually innocent of his firearm conviction during the commission of his drug offense.  In *Romero*, this Court stated:

> The Third Circuit has permitted a petitioner to use the safety valve
> language to proceed under § 2241 only in unusual situations.
> In *In re Dorsainvil*, the petitioner, convicted of violating 18 U.S.C.
> § 924(c)(1), was first denied § 2255 relief for ineffective assistance
> of counsel and double jeopardy.  119 F.3d at 246.  Between
> petitioner's first and second petitions, however, the Supreme Court

decided *Bailey v. U.S.*, construing § 924(c)(1) so as to potentially negate the criminality of petitioner's conduct.  In *Bailey*, the Court concluded that a conviction for "use" of a firearm under § 924(c)(1) required evidence showing active employment of the firearm.  *Bailey*, 516 U.S. at 143. [FN3].  This intervening construction of § 924(c)(1) potentially rendered the *Dorsainvil* petitioner's conduct non-criminal.  After determining that a successive § 2255 motion was not available to challenge the conviction, [FN4] the Third Circuit concluded that petitioner could proceed under § 2241.  *Dorsainvil*, 119 F.3d at 251.

> FN3.  In 1998, based on the *Bailey* decision, Congress Congress amended § 924(c)(1) to also permit conviction for possession of a firearm in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).

> FN4.  Petitioner could not pursue a second petition under § 2255 because his petition was not based on newly discovered evidence or a new rule of constitutional law as required by changes effected by the Antiterrorism and Effective Death Penalty Act of 1996.  *Dorsainvil*, 119 F.3d at 247-48.

Romero relies on a similar theory to attempt to proceed under § 2241 and challenges his conviction for use of a firearm during a drug trafficking crime.  Romero argues that *Bailey*, requires an individual to "show active employment of the firearm" to support a conviction for use of a firearm under § 924(c)(1). (Doc. 1, p. 4). [FN5]. According to Romero, the evidence and the jury instruction did not satisfy *Bailey*'s requirement of active employment of a firearm because it was actually Romero's codefendants, Santos, who possessed the firearm.  *Id.* at 6.  Romero concludes that this places him within § 2255's safety valve language and allows him to proceed under § 2241.  *Id.* at 15.

> FN 5.  The *Bailey* holding can be retroactively applied to cases on collateral review.  *Bousley v. U.S.*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

*Id.* at *2-*3.

The *Romero* Court found that "the criminality of *Romero's* conduct was not potentially negated by the *Bailey* decision because Romero was convicted of firearm charge due this involvement as a co-conspirator." *Id.* at *3  Similarly, the criminality of our Petitioner's conduct as charged in Count 13 was not negated by *Watson* since Petitioner was not only convicted of §924(c)(1)(A) for using a firearm, but he was also charged and convicted of carrying and possessing several firearms during, in relation to and in furtherance of a drug trafficking crime.  As mentioned, Petitioner readily admits to this.  (Doc. 2, p. 3 and p. 11 and Ex. B).

In the case of *Black v. USP Lewisburg*, a 253 Fed. Appx. 209 (3rd Cir. 2007), the Petitioner filed a §2255 motion with the sentencing court raising a *Bailey* claim that his § 924(c) conviction had to be vacated based on *Bailey* and *Bousley*.  The Third Circuit held that since "[Petitioner] Black brought his §2255 petition in the sentencing court over four years after the Supreme Court decision in *Bailey* . ... he does not fall within the ambit of *Dorsainvil*."  253 Fed. Appx. at 211.  Our Petitioner's § 2255 motion, as stated, was decided by the sentencing Court four months after *Watson,* and the sentencing Court found that Count 13 charged him with more than what was required to state a crime under § 924(c)(1)(A).  (3-10-08 Memorandum, pp. 30-31, Crim No. 01-304).

Despite the fact that Petitioner did file a previous § 2255 Motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself since he could have raised his *Bailey* claim in his § 2255 Motion and since, as discussed, his *Watson* claim would not have affected his § 924(c)(1)(A) conviction.  "Section 2255 is ineffective or inadequate where a petitioner is in the unusual position of having no prior opportunity to challenge his conviction for a crime that an

intervening change in substantive law could negate with retroactive application." *Moore,* 185 Fed.

Appx. at 172 (citation omitted).

Based upon the cited case law, Petitioner's Claim One of his Habeas Corpus Petition should

be dismissed for lack of jurisdiction without directing service of it on Respondent.

   2. *Claim Two*

As his Second Claim, Petitioner states as follows:

> The United States Court of Appeals for the Second Circuit's
> recent decision in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008)
> [re'hrg., 540 F.3d 87 (2d Cir. 2008], and the language of the statute,
> 18 U.S.C. § 924(c), clearly shows that a defendant who receives a five
> year minimum consecutive sentence pursuant to 18 U.S.C. § 924(c),
> and also receives a greater minimum sentence provided by a subsection
> of 924(c), or by any other provision fo law, has indeed received an
> unauthorized sentence and the case should be remanded for re-sentencing.

(Doc. 2, pp. 10-11).

Petitioner argues that "the Circuits are split as to the issue of the except clause of section

924(c)".  (Doc. 2, p. 13).  Petitioner contends that he should be exempt from his 60-month

consecutive sentence for his Count 13 conviction under § 924(c)(1)(A) based on the "except" clause

of § 924(c)(1)(A) since he was sentenced to life without parole on his drug convictions.  Petitioner

states that since he received a greater minimum sentence with respect to his sentence on his drug

offenses, he should not have received a 5-year minimum sentence under § 924(c)(1)(A).

Petitioner also states that:

> under the except clause in section 924(c), he should not have been
> charged with 18 U.S.C. § 924(c)(1), in Count Thirteen of the Third
> Superseding Indictment, because Count Thirteen carried a ten year
> minimum sentence for the conspiracy charge, therefore, the sentence
> that he received for Count Thirteen of the Third Superseding

> Indictment, was indeed an unauthorized sentence and the Petitioner's case should be remanded for resentencing.   The Petitioner submits, that the language of the statute speaks for itself, by clearly showing, that a defendant who receives a five year minimum sentence pursuant to 18 U.S.C. § 924(c), and also receives a greater minimum sentence provided by a subsection of 924(c), or by a any other provision of law, has indeed received an unauthorized sentence and the case should be remanded for re-sentencing.

(Doc. 2, p. 13).

We find that a § 2255 Motion is not "inadequate or ineffective" in this case with respect to Petitioner's Claim Two.  As this Court stated in *Winkelman:*

> A motion under 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence.  *See Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). A prisoner who is in custody pursuant to a sentence imposed by a federal court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 225, ¶ 1; *United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

548 F. Supp. 2d at 146.

This Court in *Winkelman*, denying Petitioner's § 2255 Motion, already dealt with Petitioner's claim challenging the sufficiency of Count 13, as quoted above.  *Id*. at 156-157.  In support of his Claim Two, Petitioner cites to a Second Circuit Court of Appeals case, *U.S. v. Whitley*, 529, F. 3d 150 (2d Cir. 2008), which is not binding precedent upon this Court.  (Doc. 2, p. 11).  Petitioner does not cite to any Third Circuit case which interpreted § 924(c)(1)(A) like the *Whitley* Court interpreted it. Also, the meaning of the "except" clause in § 924(c)(1)(A) is still under consideration in the Second Circuit Court of Appeals.

The Court in *U.S. v. Draper*, 553 F. 3d 174,  182 (2d Cir. 2009), recently stated:

> Section 924(c)(1)(A) of Title 18 of the United States Code provides
> for mandatory sentencing enhancements where firearms are possessed,
> brandished, or discharged during the commission of a violent or drug
> trafficking crime.  An introductory clause -- known as the "except"
> clause  – allows for defendants to escape the mandatory enhancements
> where "a greater minimum sentence is otherwise provided . . .  by any
> other provision of law." *Id.*

> In *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), this Court
> considered the "except" clause and suggested that it was properly
> "read literally." *Id.* at 158.  The Court also acknowledged, however,
> that limiting the except clause to higher mandatory minimums in
> other firearm offenses might eliminate certain sentencing and
> grammatical anomalies identified by the government. *Id.* at 153-55.
> Ultimately, the defendant in *Whitley* was exempted from a mandatory ten-year
> consecutive minimum sentence for discharging a firearm during a
> violent crime under § 924(c)(1)(A)(iii) because he was already subject to a
> higher mandatory fifteen-year minimum armed career criminal
> provision. *Id.* at 151.

The *Draper* Court also stated that "[t]he meaning of §924(c)(1)(A) in light of *Whitley*, is

pending before this Court in *United States v. Williams*, No. 07-2436 [2d Cir.]". *Id.* at 184.

Regardless of the uncertainty as to the meaning of the "except" clause of § 924(c)(1)(A) and

Petitioner's contention as to the split in the Circuits regarding this issue, § 2255 is clearly adequate

for Petitioner to raise this issue.  In fact, in *Draper*, the Second Circuit remanded, in part, the

sentences imposed pre-*Whitley* so that the sentencing court would have the chance to "reexamine

the Defendants' original sentencing for the open *Whitley* question, as well as to identify how each

new sentence it imposes is or is not affected by the issue." *Id.*  Thus, if the Third Circuit Court

adopts the Second Circuit's interpretation of the "except" clause in § 924(c)(1)(A) as stated in

*Whitley*, which is still an "open question" in the Second Circuit, Petitioner can seek permission to

file a second § 2255 motion to raise this issue.  *See Randolph v. U.S.*, 2008 WL 5142426 (M.D. Fla.)

(court considered Defendant's claim under *Whitley* in a § 2255 motion).[9]

Moreover, in *U.S. v. Abbott*, 2008 WL 540737, * 2 (E.D. Pa.), the Court stated that, '[t]he

plain language of this statute clearly and unambiguously mandates the district court to run any

sentence under section 924(c) consecutive to all other sentences stemming from a crime of violence

or drug trafficking in the same criminal proceeding."  The *Abbott* Court also stated, "[a]lthough the

Third Circuit has not yet dealt squarely with this issue, there is a consensus among other circuits that

---

[9]The *Randolph* Court stated:

> It is not necessary for this Court to determine whether it should accept the reasoning in *Whitley* because *Whitley* does not apply to the facts of Randolph's case.  In *Whitley*, the Court ruled that the defendant was not subject to a consecutive minimum mandatory sentence for discharging a firearm because one of the other counts on which he was convicted carried a "greater minimum sentence."  Randolph's other counts of aggravated bank robbery did not carry mandatory minimum sentences, much less a greater one than the mandatory consecutive one prescribed by the statute.  Therefore, t he reasoning of *Whitley* would not afford any relief to Randolph even if he were not time-barred.

> Randolph's petition was properly construed under 28 U.S.C. § 2255.  Because Randolph was unable to show any factual basis to support tolling, cause that would excuse his default, or actual innocence (which he does not assert), the petition is time-barred and will be dismissed.  Even if the petition were not time-barred, it would fall on the merits because *Whitley* does not apply to the facts or Randolph's case. [FN1]

>> FN1.  This Court is not ruling that it accepts the reasoning in *Whitley*.

2008 WL 5142426, * 2.

any sentence imposed under section 924(c) must run consecutive to any other term of imprisonment imposed on a defendant . . . ." *Id.* The *Abbott* Court noted that, "[t]he Fourth, Fifth, Sixth and Tenth Circuits, among others, have consistently held that the plain meaning of section 924(c) clearly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment imposed for any other crime . . . ." *Id.* at n. 8 (citations omitted).

Also, Petitioner was sentenced to terms of life imprisonment on his convictions under Counts 1 and 9 , drug offenses, and was sentenced to concurrent terms of 30 years imprisonment on Counts 2, 3, 4 and 8, and his Claim One and his Claim Two challenge only his 60-month consecutive sentence on his Count 13 conviction (Doc. 2, Ex. A), in which he seeks to vacate his § 924(c)(1)(A) conviction.  It cannot be ignored that the length of Petitioner's imprisonment would not be changed by any favorable decision with respect to his Claims One and Two.  *See Hall v. Williamson*, 2007 WL 1455875, *4 (M.D. Pa.).

**V**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction.

**s/ Thomas M. Blewitt**_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 10, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. WINKELMAN, JR., | : | CIVIL ACTION NO. **4:CV-09-0300** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RONNIE R. HOLT, WARDEN, | : | |
| | : | |
| Respondent | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **March 10, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ **Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 10, 2009**