IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN F. WINKELMAN, JR., :
:
      Petitioner, :
:
v. : No. 4:CV-09-0300
:
RONNIE R. HOLT, :
: (Judge McClure)
: (Magistrate Judge Blewitt)
:
      Defendant. :

**M E M O R A N D U M**

May 8, 2009

**INTRODUCTION:**

      On February 17, 2009, petitioner, John F. Winkelman, Jr., an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. No. 1). In addition to the Habeas Petition, petitioner filed a fourteen-page (14) typed memorandum with attached exhibits, Exs. A-H. (Rec. Doc. No. 2). In June 2003, petitioner was found guilty of seven counts related to narcotics trafficking, including a count which charged petitioner with knowingly using, carrying and possessing firearms during and in relation to and in furtherance of a drug trafficking crime, i.e. conspiracy to possess with intent to distribute and

1

distribution of cocaine and marijuana, in violation of 18 U.S.C. § 924(c)(1)(A). In the instant petition, Winkelman challenges the conviction under this count, contending that it is invalid in light of Bailey v. United States, 516 U.S. 137 (1995), Watson v. United States, 128 S. Ct. 579 (2007) and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). Specifically, petitioner claims that he did not "use" the firearm in a manner restricted by 18 U.S.C. § 924(c)(1)(A) and that he received an improper minimum sentence under 18 U.S.C. § 924(c)(1)(A).

The matter was initially referred to United States Magistrate Judge Blewitt.

On March 10, 2009, Magistrate Judge Blewitt filed a twenty three-page (23) report and recommendation. (Rec. Doc. No. 4). In his report, the magistrate judge, finding that the petitioner had not demonstrated that § 2255 was an inadequate or ineffective device for addressing his claims, concluded that Winkelman's Petition for a Writ of Habeas Corpus should be dismissed for lack of jurisdiction.

On March 20, 2009, petitioner filed objections to the report and recommendation. (Rec. Doc. No. 5). This matter is now ripe for disposition.

After de novo review of the record, including the report and recommendation and plaintiff's objections to the report and recommendation, and applicable law, we have concluded that we agree with the magistrate judge's analysis and recommendations, and will therefore adopt the report and

2

recommendation.  (Rec. Doc. No. 4).

**BACKGROUND:**

On June 18, 2003, in conjunction with a jury trial, petitioner was convicted in the United States District Court for the Middle District of Pennsylvania of seven counts of narcotic trafficking, namely Counts One, Two, Three, Four, Eight, Nine and Thirteen of the Third Superseding Indictment.  Presently, the relevant count is Count Thirteen, which charged petitioner with knowingly using, carrying and possessing firearms during and in relation to and in furtherance of a drug trafficking crime, i.e. conspiracy to possess with intent to distribute and distribution of cocaine and marijuana, in violation of 18 U.S.C. § 924(c)(1)(A).

On December 12, 2003, petitioner was sentenced on the stated offenses to imprisonment for the remainder of his natural life.  Petitioner appealed his conviction and, on May 28, 2006, the United States Court of Appeals for the Third Circuit affirmed his conviction and sentence.

Petitioner filed a Motion to Vacate his Sentence on February 23, 2007, pursuant to 28 U.S.C. § 2255.  On March 1, 2007, petitioner was ordered to file a notice of election.  Petitioner complied and filed his election to have the Court rule on his § 2255 motion as filed.  On May 4, 2007, petitioner filed a motion to amend

his § 2255 motion. The Court denied, inter alia, Petitioner's § 2255 motion and his motion to amend on March 10, 2008.

On July 10, 2008, the Third Circuit Court of Appeals denied petitioner's application for certificate of appealability with respect to an appeal of this Court's March 10, 2008 Order denying his § 2255 motion.

**DISCUSSION:**

Ordinarily, when challenging the validity of a conviction and sentence, a federal prisoner is limited to filing a motion pursuant to § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, as § 2255 itself provides, a challenge can be brought under § 2241 if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only

been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971); Hill v. Williamson, 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Applying these principles here, we conclude that we lack jurisdiction over Winkelman's 2241 Petition as his remedy under § 2255 was not inadequate or ineffective to adjudicate his current claims. Regarding Winkelman's claim that he did not "use" a firearm in violation of 18 U.S.C. § 924(c)(1)(A), petitioner had the opportunity to present this claim in his § 2255 motion, but failed to do so.[1] Even if petitioner was permitted to raise the claim again, the fact that he may not have "used" a firearm in a manner proscribed by law is immaterial; petitioner was charged not with mere use, but with using, carrying and possessing firearms in

---

[1] That petitioner was not permitted to amend his initial § 2255 motion is unpersuasive. Petitioner was barred from doing so because he elected to have his § 2255 motion ruled upon as filed and because he failed to follow proper procedure. See United States v. Winkelman, No. 4:01-cr-00304, (Rec. Doc. No. 1076, pp. 36-38). Furthermore, we stress the magistrate judge's point that we denied petitioner's § 2255 motion after the Supreme Court had issued Watson.

violation of 18 U.S.C. § 924(c)(1).² See DeJesus v. United States, No. 08-CV-0724, 2008 WL 2697346, at *4 (D.N.J. July 1, 2008). That the gatekeeping requirements of § 2255 now preclude him from using a § 2255 motion does not entitle him to use § 2241. See Cradle, 290 F.3d at 538-39. Further, this is not a situation where Defendant had no prior opportunity to challenge the convictions under Bailey, as that case was decided in 1995, eight (8) years before petitioner's conviction and twelve (12) years before he filed his 2255 motion. See Black v. Warden, 253 Fed. Appx. 209, 211 (3d Cir. 2007) (holding that a defendant could not rely on § 2241 to present a Bailey claim where his § 2255 motion was filed four years after the Supreme Court decision in Bailey).

Furthermore, for reasons discussed by the magistrate judge, it is clear that the recent Whitley decision raises an issue which may be addressed via 28 U.S.C. §

---

² Winkelman was charged with using, carrying and possessing fire arms during and in relation to and in furtherance of a drug trafficking crime. Although "use," "carry" and "possess" denote different conduct, it cannot be argued that Winkelman's receipt of the firearms in exchange for drugs was not included within the statutory meaning of "possession." Although the jury rendered a general verdict and did not specify whether petitioner was guilty under the "use," "carry" or "possession" prong of § 926(c), petitioner has the burden of proving that he is confined in violation of law. Moreover, petitioner provides what purports to be a partial transcript of the trial proceedings that demonstrates the Court addressing the possession aspect of § 926(c). Therefore, we will not presume that the jury found that he used or carried the firearms. Instead, we find that he possessed the firearms in furtherance of the drug trafficking crime. A review of the record confirms that the evidence satisfies the possession prong of the statute.

2255.  See (Rec. Doc. No. 4, pp. 19-20).


**CONCLUSION:**

     Because petitioner has not demonstrated that § 2255 is an inadequate or ineffective vehicle through which to address his continued confinement the court lacks jurisdiction over his § 2241 petition, and must dismiss his petition forthwith. Winkelman's only potential avenue for relief is to file a motion with the United States Court of Appeals for the Third Circuit seeking an order authorizing the District court to consider a second or successive motion under 28 U.S.C. § 2255. See 28 U.S.C. §§ 2244, 2255.


                                      s/ James F. McClure, Jr.
                                      James F. McClure, Jr.
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. WINKELMAN, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:CV-09-0300 |
| | : | |
| RONNIE R. HOLT, | : | |
| | : | (Judge McClure) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| Defendant. | : | |

**O R D E R**

May 8, 2009

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Blewitt's report and recommendation is ADOPTED. (Rec. Doc. No. 4).

2. Ground One of Winkleman's petition under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. (Rec. Doc. No. 1.)

3. Petitioner may seek leave from the United States Court of Appeals for the Third Circuit to file a successive 28 U.S.C. § 2255 petition raising this claim. 28 U.S.C. §§ 2244, 2255.

4. The Clerk is directed to close the case file.

                                             s/ James F. McClure, Jr.
                                             James F. McClure, Jr.
                                             United States District Judge